# EXHIBIT A

Filing # 185519393 E-Filed 11/06/2023 11:24:24 AM

IN THE CIRCUIT COURT FOR THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

OSCAR RODRIGUEZ,

    Plaintiff,

v.                             CASE NO.: 16-2023-CA-011109-XXXX-MA

CMG MEDIA CORPORATION,
a Foreign Profit Corporation,

    Defendants.

_____/

## SUMMONS

To: **CMG MEDIA COPRORATION, through their registered agent, CORPORATION
SERVICE COMPANY**:

                      CMG MEDIA CORPORATION
                      1201 HAYS STREET
                      TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                      DANIEL H. HUNT, ESQ. (FBN 121247)
                      DHUNTLAW@GMAIL.COM
                      P.O. BOX 565096
                      MIAMI, FL 33256

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS

## WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this
proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please
contact Court Administration Duval Clerk ADA Coordinator Room 2338 501 W Adams Street
Jacksonville, FL 32202, Phone (904) 255-2355 at least 7 days before your scheduled court

1

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 11/07/2023 11:00:45 AM

appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algun tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuniquese con Duval Clerk ADA Coordinator Room 2338 501 W Adams Street Jacksonville, FL 32202, Phone (904) 255-2355, al menos 7 dias antes de su fecha de comparecencia o inmediatamente despues de haber recibido esta notificación si faltan menos de 7 dias para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, Bame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpot akomodasyon pou ou ka patisipe nan pwose sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-o yon seri de asistans. Tanpri kontakte Duval Clerk ADA Coordinator Room 2338 501 W Adams Street Jacksonville, FL 32202, Phone (904) 255-2355omwen 7 jou alavans jou ou gen pou-ou paret nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke Ii mwens ke 7 jou; si ou soud ouswa hebe, rele 711.

WITNESS my hand and the seal of said Court this 11/07/2023

Jody Phillips

(COURT SEAL)

_____
Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aYiso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denurninada abajo como "Plaintifti'Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-877 l o Voice (V) l-800-955-8770, via Florida Relay Service.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre Yous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-

3

jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si Yous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Tl y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, ii vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

**DANIEL H HUNT, ESQ.**
**POST OFFICE BOX 565096**
**MIAMI, FL 33256**

Filing # 185117090 E-Filed 10/31/2023 10:03:50 AM

IN THE CIRCUIT COURT FOR THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

OSCAR RODRIGUEZ,

    Plaintiff,

v.                              CASE NO.:

CMG MEDIA CORPORATION,
a Foreign Profit Corporation,

    Defendants.

_____/

## COMPLAINT

The Plaintiff, **OSCAR RODRIGUEZ** (hereinafter "Plaintiff" or "**RODRIGUEZ**"), by and through the undersigned counsel, hereby sues Defendant, **COX MEDIA CORPORATION** a Foreign Profit Corporation (hereinafter "Defendant" or "**COX**"), and in support states as follows:

## JURISDICTION AND VENUE

1.     This is an action by the Plaintiff for damages exceeding $50,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful disability, race, Color and National Origin based discriminatory treatment of Plaintiff **RODRIGUEZ**. This complaint intends to redress injuries resulting from but not limited to Defendants unlawful, discriminatory treatment of Plaintiff based on Race, Color, Disability and for Retaliation.

1

2.     This is an action by the Plaintiff for damages exceeding $50,000 excluding attorneys' fees or costs for discriminatory treatment and retaliation predicted on Plaintiff's race and color pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981") to redress injuries resulting from Defendant's unlawful race discriminatory treatment of Plaintiff.

3.     This Court has jurisdiction of the claims herein pursuant to the FCRA and §1981.

4.     The venue of this action is properly placed in DUVAL County because the Defendant operates a business where plaintiff worked at 11700 Central Parkway, Unit #2, Jacksonville, FL 32224, within the jurisdiction of this Honorable Court.

5.     The Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida and registered through the Florida Secretary of State.

6.     Defendant is a covered employer pursuant to Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

7.     Plaintiff is a covered employee for purposes of the Florida Civil Rights Act and §1981 as plaintiff is a Florida Resident living in Jacksonville, FL, within the jurisdiction of this court.

8.     Defendant is alleged to have engaged in an unlawful employment practice pursuant to Florida Law and the FCRA, §760.10 et sec.

9.     Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10.     All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

2

## GENERAL ALLEGATIONS

11.     Plaintiff is Hispanic American male suffering from depression and anxiety and as such, part of a protected class of race, color, national origin and disability and therefore covered under the FCRA and §1981.

12.     Plaintiff began working for the employer on or about May 1, 2016.

13.     Plaintiff was a Senior Financial Analyst and eventually a director.

14.     Plaintiff earned various rates of pay over his time with Defendant.  Defendant sent Plaintiff a letter in this regard in August of 2022 increasing his salary to $85k per year before benefits and an annual bonus of 10%.

15.     Plaintiff was treated differently than his co-workers due to his race, color, national origin and disability.

16.     Within the prescribed period of time, a white director separated from Defendant. That person was in a role that commanded a salary range of $125,000.00 to $130,000.00.

17.     Plaintiff was placed in this role due to his longstanding excellent work with Defendant and seniority but plaintiff was not given a commensurate salary. This was solely because all of the senior level individuals working for Defendant were white save two, one African American and Plaintiff, a Hispanic American.  Plaintiff should have been given a $40k increase in his salary at that time but was not due to his race and national origin.

18.     Plaintiff's direct supervisor was Lee Densky.  Others involved in this decision making include Christopher Cox.

19.     All other directors that do the same work as Plaintiff were paid a minimum of $20k-$30k more than Plaintiff.

3

20.     Defendant has a culture of discriminating against Hispanic workers.  In fact, there is another director in Tulsa, Oklahoma that suffered similar discrimination showing a pattern with Defendant.

21.     Plaintiff was singled out in December of 2022 and given a PIP.  This PIP was discriminatory as other white employees had not been given PIPs for the same issues.  Plaintiff was given the PIP solely because he was Hispanic and a different race and color than Defendant's supermajority.

22.     Plaintiff complained to his supervisors about the pay disparity and demanded an increase in pay commensurate to the other white employees doing the same director work but receiving tens of thousands of dollars more.

23.     Plaintiff also was required to take time off due to his psychiatric disability which was the result of Defendant's discriminatory actions.  In part, defendant's retaliation and escalated discrimination which include but were not limited to the above actions were motivated by Plaintiff's disability.

24.     Ongoing discrimination lead to plaintiff being constructively terminated as he was forced to resign in order to avoid suffering additional discrimination.  This was done by an email on Defendant's internal secure system around February of 2023.

25.     This email was copied to Lee Densky and Christopher Cox.

26.     Other witnesses include the following:  Shawn DeCoufle, Heidi Copes van Hasselt, Karen Limosicz, Rock Carter, Twan Barner, Troy Zema, Andrew Curran, Sonia Kim, Marissa Berger, Charles Downing, Sharon King, Kimberly Aaron, Stephany Gard, Justin Lee, Tonette Wiliams, Osondu Ariwodo, Eric Casella, Vanesha Lucas, DiAngelo Miller, Vedangi Savaliya and Brad Smith.

4

27.     Plaintiff suffered severe psychiatric issues as a result of defendant's discriminatory treatment, loss of income, loss of sleep, anxiety, depression and was forced to hire and pay an attorney in order to defend his rights.

28.     Plaintiff filed a timely US EEOC Charge of Discrimination with the EEOC and concurrently with the Florida Commission on Human Relations on or about January 31, 2023, 510-2023-03290. A Right to Sue letter issued on August 8, 2023 signed by Evangeline Hawthorne, director of the and was copied to respondent, Aleka Jones and Theresa McDaniel of Cox Media Group, 1601 W Peachtree Street NE, Atlanta, GA 30309.   They also have possession of the charge and the Right to Sue.

29.     All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**COUNT I**
**RACE AND COLOR DISCRIMINATION UNDER THE FCRA**

30. Plaintiff reasserts his allegations in paragraph 1-29 as if fully set forth herein.

31. Section 760.10 of the FCRA states in relevant part:

"(1)     It is an unlawful employment practice for an employer:

(a)     To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

32.     The FCRA accordingly prohibits discrimination based on Race and Color.

33.     The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's race and color, which individuals outside Plaintiff's class were not and would not have been subjected, in violation of the FCRA.

34.     Defendant's alleged bases for its adverse conduct against Plaintiff and retaliation against Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

35.     Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and defendant's adverse write ups, denial of overtime and abuse, which reasons it does not have, Plaintiff's Race and color were a significant motivating factor for Defendant's adverse conduct toward Plaintiff.

36.     As a result of Defendant's willful and malicious discriminatory actions as a result of his Race and color, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages, stress, frustration and lack of work. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages if appropriate in this case.

37.     Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct per statute.

38.  Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## COUNT II
### *Disability Discrimination in Violation of the FCRA*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

40. Plaintiff has a psychological disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

41. Plaintiff was regarded as having a disability by Defendant and Defendant's agents as they were provided this information along with a request for time off of work, something that directly impacts plaintiff's ADLs, working.

42. Defendant intentionally violated these restrictions and as such, discriminated against Plaintiff.

43. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

44. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

45. Plaintiff can and did perform the essential functions of his job with or without reasonable

7

accommodation.

46. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

47. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability and need/request for accommodations.

48. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

49. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

50. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

51. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

52. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

53. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court

grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant: Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

F.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

G.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

H.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

I.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### National Origin Discrimination in Violation of the FCRA

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this Complaint as if set out in full herein.

55. As part of its protections, the FCRA prohibits national origin discrimination.

56. Plaintiff, a Hispanic male from a Latin country outside the United States and, thus, a member of a protected class under the FCRA.

57. At all times material hereto, Plaintiff was a qualified employee who performed her job duties in a satisfactory, or above satisfactory, manner.

58. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

59. Defendant's treatment of Plaintiff adversely affected Plaintiff's compensation, terms, conditions, privileges and/or status as an employee because of her national origin.

60. Plaintiff was treated adversely in comparison to similarly situated employees. Most notably, Plaintiff was consistently treated unequally in comparison to non-Haitian employees.

61. Defendant's bases, if any, for its disparate treatment of Plaintiff are pretextual and illegitimate, asserted only to cloak the discriminatory nature of its conduct.

62. As a result of the complained conduct to which Plaintiff was subjected to and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

63. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Hispanic.

64. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

65. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

66. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

67. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to take prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

68. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

K. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

L. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

M. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

N. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

O. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

P. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## RETALIATION UNDER THE FCRA

70. Plaintiff reasserts his allegations in paragraph 1-29 as if fully set forth herein.

71. Section 760.10(7) states:

> "It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

72. The FCRA accordingly prohibits retaliation against an employee for reporting conduct which would violate the terms of the FCRA.

73. Plaintiff's complaints of discrimination and disparate treatment were protected activities under the FCRA, for which he could not be adversely affected or terminated in retaliation.

74. Defendant's alleged bases for its adverse conduct against Plaintiff are pretextual and asserted only to cover up the retaliatory nature of its conduct.

12

75.     Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, the lower pay and unfair PIP writeup, which reasons it does not have, Plaintiff's complaints of discrimination were significant motivating factors for Defendant's adverse conduct toward Plaintiff.

76.     As a result of Defendant's retaliatory actions, and its willful and malicious discharge of Plaintiff's employment as a result of complaints of discrimination, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

77.     Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious retaliatory conduct per statute.

78.     Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

Q. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

R. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

S. Award Plaintiff as to this count prejudgment interest; and

T. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

13

U.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## COUNT V
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

79.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

80.     Plaintiff is a member of a protected class under § 1981.

81.     By the conduct describe above, Defendant has engaged in discrimination against the Plaintiffs because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

82.     Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

83.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

84.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

85.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

86.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

87.     The conduct of Defendant, by and through the conduct of its agents, employees,

14

and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Federal law.

88.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

89.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

90.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

V. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

W. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

X. Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full

15

benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

Y.  Award Plaintiffs the costs of this action, together with a reasonable attorney fees; and

Z.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of his above claims.

Date:  October 31, 2023                         Respectfully submitted,

                                         _/s/ Daniel H. Hunt_
                                         Daniel H. Hunt, Esq.
                                         Florida Bar No.: 121247
                                         PO BOX 565096
                                         Miami, FL 33256
                                         dhuntlaw@gmail.com
                                         Telephone: (305) 495-5593
                                         Facsimile: (305) 513-5723

                                         Attorney for Plaintiff

16

Filing # 185117090 E-Filed 10/31/2023 10:03:50 AM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE FOURTH  JUDICIAL CIRCUIT,
IN AND FOR DUVAL   COUNTY, FLORIDA

OSCAR RODRIGUEZ
Plaintiff

Case # _____
Judge  _____

vs.
CMG MEDIA CORPORATION
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>5</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Daniel Harrison Hunt</u>      Fla. Bar # <u>121247</u>
       Attorney or party                 ·(Bar # if attorney)

<u>Daniel Harrison Hunt</u>         <u>10/31/2023</u>
 (type or print name)         Date