UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSCAR RODRIGUEZ,

     Plaintiff,

vs.                                    Case No. 3:23-cv-1408-MMH-JBT

GEORGIA TELEVISION, LLC,

     Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte.  Plaintiff Oscar Rodriguez initiated this action against Defendant CMG Media Corporation in state court on October 31, 2023.  See Complaint (Doc. 3).  On November 29, 2023, Defendant CMG Media Corporation (CMG Media) removed the action to this Court, invoking both diversity and federal question jurisdiction over this action.  See Defendant's Notice of Removal (Doc. 1) at 3-4.  In the Notice of Removal, Defendant included a footnote stating that "Georgia Television, LLC is the correct Defendant and the entity that employed Oscar Rodriguez."  See Notice of Removal at 1 n.1.  Defendant also purported to identify Georgia Television, LLC's citizenship by alleging that it "is a Delaware limited liability company with its principal place of business in Atlanta, Georgia."  Id. at 3 n.2.

Upon review, the Court entered an Order directing the parties to confer and file a notice clarifying whether they agreed that Georgia Television, LLC is the proper Defendant to the action. See Order (Doc. 24), entered May 22, 2024. On June 14, 2024, the parties filed a Joint Stipulation to Substitute Proper Name for Defendant (Doc. 25) in which they stated their agreement that Georgia Television, LLC should be substituted as the name of the Defendant in this action. The Court directed the Clerk of the Court to update the docket accordingly. See Endorsed Order (Doc. 27).

Significantly, in the May 22, 2024 Order, the Court also instructed that if Georgia Television, LLC is the proper Defendant to this action, then it must file a Disclosure Statement correctly identifying its citizenship using the Court's Disclosure Statement form. See id. at 2-3. In doing so, the Court noted that the allegations as to Georgia Television, LLC's citizenship in the Notice of Removal are inadequate, explaining that "[i]t is well established that to allege the citizenship of a limited liability company, a party must list the citizenships of all members of that entity." Id. at 3 n.1 (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). Without this information, the Court cannot determine Georgia Television, LLC's citizenship and thus, cannot discern whether it has diversity jurisdiction over this action.

2

On June 21, 2024, Georgia Television, LLC filed its Disclosure Statement. See Georgia Television, LLC's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 29). Strangely, despite previously identifying itself as a limited liability company, Georgia Television, LLC asserts in the Disclosure Statement that it is "a Delaware corporation with its principal place of business in Atlanta, Georgia." Compare Disclosure Statement at 2 (emphasis added) with Notice of Removal at 3 n.2. But this representation is contrary to the "LLC" designation in Georgia Television, LLC's name. And indeed, the next question on the Disclosure Statement asks if Georgia Television, LLC is "a limited liability company or other unincorporated entity" to which defense counsel responds in the affirmative. See Disclosure Statement at 2. Yet, in question one of the Disclosure Statement, defense counsel indicates that Georgia Television, LLC is a "non-governmental corporate party" and his answer to question 2(e) also appears to refer to Georgia Television, LLC as a corporation. See id. at 1, 3 (emphasis added).

Significantly, the distinction between a corporation and a limited liability company is not mere semantics. Rather, for purposes of establishing diversity jurisdiction, the citizenship of these entities is established in different ways. As the Court noted in the May 22, 2024 Order, see Order at 3 n.1, "a limited liability company is a citizen of any state of which a member of the company is a citizen."

3

Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members.  See id.  In contrast, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).

    Here, Georgia Television, LLC appears to be a limited liability company, not a corporation.  As such, to establish this Court's diversity jurisdiction over this action, defense counsel must identify the members of Georgia Television, LLC and their respective states of citizenship.  Indeed, the Court's uniform Disclosure Statement attempts to elicit this information by requiring unincorporated entities in diversity cases to check a box affirming that "the filer has identified each member and the citizenship of each member and, if a member is another unincorporated entity, each member of that entity and that member's citizenship, and so on."  Id.  Although counsel checked this box to signify his compliance, the required information is not set forth in the Disclosure

4

Statement.[1]  Accordingly, the Court will strike the Disclosure Statement and direct defense counsel to file a proper Disclosure Statement which provides the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.[2]  In light of the foregoing, it is

**ORDERED:**

1. Georgia Television, LLC's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 29) is **STRICKEN**.

---

[1] The Disclosure Statement does include information that CMG Media Corporation is "the parent organization" of Georgia Television.  However, the Court cannot discern from this representation alone whether CMG Media Corporation is a member of Georgia Television, LLC, much less whether it is the sole member of Georgia Television, LLC.  See Polk v. General Motors LLC, No. 3:20-cv-549-J-34JRK, 2020 WL 3036293, at *1 (M.D. Fla. June 5, 2020) (explaining that ownership and membership are not necessarily synonymous).  And, even if CMG Media Corporation is Georgia Television, LLC's sole member, the Disclosure Statement does not identify the citizenship of CMG Media Corporation as required in question two.

[2] If Georgia Television, LLC fails to supply the information necessary to establish diversity jurisdiction over this action, the matter will proceed on the basis of federal question jurisdiction alone.

2. Georgia Television, LLC shall have up to and including **July 10, 2024**, to file a proper Disclosure Statement which provides the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of June, 2024.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties